# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 14, 2005

127655-6 & (68)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PETOSKEY INVESTMENT GROUP, L.L.C.,
        Plaintiff-Appellee,

v

BEAR CREEK TOWNSHIP,
        Defendant,
and

ZACHARY M. KUZNICKI,
        Intervening Defendant-Appellant.
_____/

SC: 127655-6
COA: 246641, 248801
Emmet CC: 01-006542-CH

        On order of the Court, the application for leave to appeal the December 2, 2004 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), to assist the Court in deciding whether to grant leave to appeal, we DIRECT the parties to file supplemental briefs within 28 days of the date of this order addressing whether this appeal has been rendered moot as a result of the settlement agreement reached, and the consent judgment embodying same, in *Petoskey Investment Group, L.L.C. v County of Emmet*, United States District Court for the Western District of Michigan, Case No. 504-CV-59. The motion for leave to file brief amicus curiae remains under consideration.

        WEAVER, J., dissents and states as follows:

        I would grant leave to appeal. MCL 125.282 gives township electors the right to petition for and hold a referendum on the promulgation of or an amendment to a zoning ordinance. Whether this right to a referendum applies when a developer and a township agree to be bound by a consent judgment that allows a use of land that is forbidden by the zoning ordinance is a question of significance to the people of this state. Rather than directing the parties to file supplemental briefs on the question of mootness, I would grant leave to appeal now. And although the issue has not been argued to this Court, I would not oppose inclusion of mootness among the issues to be addressed by the parties and amicus.



        I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 14, 2005

Clerk

p1010