# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 14, 2005

127211

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PATRICIA NELSKI, a/k/a
PATRICIA PELLAND,
            Plaintiff-Appellee,

v

AMERITECH, AMERITECH SERVICES, INC.,
AMERITECH COMMUNICATIONS, INC.,
AMERITECH CORPORATIONS, INC.,
AMERITECH PUBLISHING INC., and
MICHIGAN BELL TELEPHONE COMPANY,
            Defendants-Appellants.

SC: 127211
COA: 244644
Wayne CC: 01-121059-NO

_____/

On order of the Court, the application for leave to appeal the June 29, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Plaintiff was a victim of identity theft. As a result, defendants reported false financial information on her credit report. Plaintiff brought this suit against defendants, alleging defamation. The trial court subsequently granted defendants' motion for summary disposition, concluding that this claim was preempted by the Fair Credit Reporting Act (FCRA), 15 USC 1681 *et seq*. The Court of Appeals reversed and remanded for further proceedings, concluding that plaintiff's defamation claim was not preempted and that plaintiff had sufficiently pleaded a cause of action. Judge White concurred, concluding that it was unclear whether plaintiff could sustain a defamation action under the FCRA, i.e., whether plaintiff could prove that defendants acted with "malice or willful intent to injure . . . ." In a split decision, the Court of Appeals denied defendants' motion for reconsideration.

15 USC 1681h(e) provides:

Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of *defamation*, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with *malice or willful intent to injure* such consumer. [Emphasis added.]

Plaintiff's complaint alleges that "Defendants acted in a libelous, slanderous and defamatory manner in terms of reporting and/or publishing false financial records" and that "Plaintiff was declined credit from two separate companies due to negligent reporting/publishing and/or willful and wanton disregard as to reporting/publishing by Defendants." Her complaint says nothing of "malice or willful intent to injure," and there appears to be utterly no evidence in support of such an allegation. Therefore, plaintiff has not adequately pleaded a state cause of action pursuant to the FCRA. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court's order that granted defendants' motion for summary disposition.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 14, 2005

*Corbin R. Davis*

Clerk

s1010